Hound's Tooth of America, Inc., Plaintiff in Error,

*v.*

Thomas Benson, Commissioner, Department of Revenue, State of Tennessee, Defendant in Error.

444 S.W.2d 283.

(*Nashville,* December Term, 1968.)

Opinion filed August 18, 1969.

Kent Sandidge, III, Nashville, for plaintiff in error.

George F. McCanless, Attorney General, and Paul E. Jennings, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

Hound's Tooth of America, Inc., herein referred to as "taxpayer" appeals from a judgment denying recovery in its suit to recover certain taxes paid the State of Tennessee, under protest. The taxes were paid under T.C.A. sec. 67-4102, Item (U), which levies a fifteen per cent tax computed on the gross receipts of sales of setups for mixed drinks being the item taxed in the case at bar. That part of the statute requiring construction is as follows:

(b) As used in this item the following definitions shall apply:

1. A "person selling mixed drinks and/or setups for mixed drinks" shall mean and include any person whose principal receipts are from the sale of mixed drinks and/or setups for mixed drinks, and any country

club, night club or private club in the nature of any social, diner, athletic, or sporting club or organization, including any fraternal society, order, or association making sales and charges for mixed drinks and/or setups, but the term shall not include sales of setups by cafes, cafeterias, and restaurants where such sales are merely incidental to the principal business.

The taxpayer operates his business in one building, divided into three public areas by inside walls with doors connecting the separate areas. The larger area designated the "Steeple Chase Lounge" contains a bar, bandstand, tables and chairs. Some of the tables in the Lounge were made by using the tops of whiskey barrels and being small these are not generally suitable for the service of food. The next area in size, designated as the "Cricket Cafe", contains the usual equipment found in a restaurant serving food. The third area is a small room used for private parties. There are two outside entrances for customers to the public areas, one to the Lounge, and the other to the Cricket Cafe.

The gross receipts for the period in question were derived from the sale of food, beer, setups for mixed drinks and on certain nights a cover charge for admission to the Lounge. Customers had unobstructed access to the Cricket Cafe and the Lounge, except on nights when the entrance to the Lounge required a cover charge. Food prices ranged from $1.95 to $4.95 and it was estimated seventy-five per cent of the food sold was served to customers in the Cricket Cafe. Although it was not the desire of the management, food would upon request be served in the Lounge. Setups at the price of seventy-five cents were mixed at the bar in the Lounge and it was estimated fifty per cent of these were made to customers in the

Lounge and fifty per cent to customers in the Cricket Cafe. The taxpayer was unable to prove what portion of the gross receipts from the sale of setups from mixed drinks occurred in the Cricket Cafe. Receipts were received in both the Cricket Cafe and the Lounge and then deposited in one account.

During the period taxpayer's gross receipts, setup receipts and tax, including penalty and interest, was as follows:

|  | Gross Receipts | Setup Receipts | Tax Paid |
|---|---|---|---|
| August | $15,503.64 | $2,552.52 | $424.62 |
| September | 14,008.91 | 3,064.16 | 465.74 |
| October | 15,269.37 | 3,042.43 | 456.36 |
| December (prior to the 13th) | 6,211.43 | 889.27 | 133.39 |

The taxpayer cites a number of decisions of this Court to the effect that statutes providing for taxation are to be strictly construed against the taxing authority and in favor of the taxpayer. We agree this statute would have to be construed in light of this principle.

The State admits the taxpayer's principal business is the operation of a restaurant and its principal receipts are derived from the sale of food and beer. The State also admits the sale of setups for mixed drinks in the Cricket Cafe could not be taxable as such, and would be incidental to the operation of a restaurant within the meaning of this taxing statute. The State insists that since the taxpayer has equipped a separate room (Lounge) with a bar and other furniture all designed for the sole purpose of selling beer and setups for mixed drinks, then under these circumstances the sale of setups in the Lounge is not merely incidental to the operation of a restaurant (Cricket Cafe).

The taxpayer insists that since the State admits it is in the restaurant business and receipts for food and beer far exceed receipts for setups, then the mere fact there is a bar on the premises in a separate room should not be controlling and was not intended by the statute to be controlling.

Under this record we conclude the taxpayer, within the intent of this statute, is, in effect, operating two separate businesses within these premises even though each enhances the other. The fact that in this case there is one ownership and an intermingling of receipts is not per se controlling. We agree with the taxpayer that under this taxing statute the use of a separate room or the maintenance of a bar would not per se make the tax applicable, but we do think these are factors in consideration of the question of whether the sale of setups, in the Lounge is merely incidental to the sale of food and beer in the Cricket Cafe. The size of the Lounge in relation to the size of the Cricket Cafe is a factor supporting a conclusion that the sale of setups in the Lounge was not intended to be merely incidental to the operation of the Cricket Cafe. Also, the fact at times a cover charge is levied for admittance to the Lounge, but never the Cricket Cafe, supports the same conclusion.

Under the facts here we think the trial judge reached the correct result. The judgment is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.